**Elizabeth ANDERSON, Plaintiff–Appellant,**

**v.**

**DEPARTMENT OF CHILDREN AND FAMILIES, STATE OF CONNECTICUT, Defendant–Appellee.**

**No. 07–5335–cv.**

United States Court of Appeals, Second Circuit.

April 3, 2009.

Josephine S. Miller, Danbury, CT, for Plaintiff–Appellant.

Jane B. Emons, Assistant Attorney General, for Richard Blumenthal, Attorney General for the State of Connecticut, Hartford, CT, for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. JANE A. RESTANI, Judge.*

## SUMMARY ORDER

Plaintiff–Appellant Elizabeth Anderson appeals the decision of the United States District Court for the District of Connecticut (Bryant, *J.*) granting Defendant–Appellee's motion for summary judgment on all of Anderson's claims. Anderson's employment discrimination suit against her employer, the Department of Children and Families of the State of Connecticut ("DCF"), claimed, *inter alia,* that because she complained of racial discrimination, DCF retaliated against her (1) by investigating and reprimanding her for alleged misconduct, and (2) by demoting her upon return from administrative leave. We as-

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

sume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

We review the District Court's grant of summary judgment *de novo*. *See Howley v. Town of Stratford*, 217 F.3d 141, 151 (2d Cir.2000). Summary judgment is warranted when, after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *June v. Town of West-field*, 370 F.3d 255, 257 (2d Cir.2004). Where the moving party has established the absence of a genuine issue of material fact, "the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'meta-physical doubt' concerning the facts or on the basis of conjecture or surmise." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991) (citation omitted) (quoting *Mat-sushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

██ The District Court did not err in granting summary judgment on Anderson's claim that, by bringing an investigation and ultimately reprimanding her, DCF retaliated against her for filing complaints of racial discrimination. "To establish a prima facie case of retaliation under Title VII, a plaintiff must show (1) that she was engaged in protected activity by opposing a practice made unlawful by Title VII; (2) that the employer was aware of that activity; (3) that she suffered adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse action." *Galdieri–Ambrosini v. Nat'l Realty &*

*Dev. Corp.,* 136 F.3d 276, 292 (2d Cir.1998). Because Anderson failed to demonstrate that there was a causal connection between her complaints of racial discrimination and the investigation and reprimand, she did not establish a prima facie case of retalia-tion, and summary judgment was proper.

██ With respect to Anderson's retalia-tion claim based on an alleged demotion, we note that the District Court erred in finding that Anderson failed to exhaust her administrative remedies. *See Butts v. City of N.Y. Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1402 (2d Cir.1993) (explaining that a claim is "reasonably re-lated," and, for that reason, properly ex-hausted, when it is "one alleging retalia-tion by an employer against an employee for filing an [administrative] charge" be-cause of "the close connection of the retal-iatory act to both the initial discriminatory conduct and the filing of the charge it-self"), *superceded by statute on other grounds*, Civil Rights Act of 1991, Pub.L. No. 102–166, § 101, 105 Stat. 1071, 1071–72. An appellate court, however, may af-firm the judgment of a district court on any ground fairly supported by the record. *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir.1997). It is ques-tionable whether, on the facts presented, Anderson has suffered adverse employ-ment action. But, in any event, she has not sufficiently shown, as to raise a ques-tion for a jury, that the reasons DCF provides for changing her job position were pretextual. Consequently, we affirm the District Court's grant of summary judgment for DCF on this claim.

We have considered all of Anderson's arguments and find to be them without merit. Accordingly, the judgment of the District Court is AFFIRMED.